UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRITTANY EAST,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF RICHMOND, a municipal corporation; CHRIS MAGNUS, in his capacity as Chief of Police of for the CITY OF RICHMOND; T. HAUSCHILD, individually and in his capacity as a Police Officer for the CITY OF RICHMOND; E. SOUSA, individually and in and in his capacity as a Police Officer for the CITY OF RICHMOND; and DOES 1-25, inclusive,<br><br>        Defendants. | Case No:  C 10-2392 SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND DENYING MOTION TO STRIKE**<br><br>Docket 11 |

Plaintiff Brittany East brings the instant action, pursuant to 42 U.S.C. § 1983, alleging that Defendants, the City of Richmond ("the City"), its police chief Chris Magnus ("Chief Magnus") and two police officers, Officer Haushchild and Officer Sousa, violated her constitutional rights.  Plaintiff alleges that she was arrested without cause and maliciously prosecuted.  The parties are presently before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and Motion to Strike Plaintiff's Claims for Injunctive Relief Against the City. Dkt. 11.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART and DENIES PART the motion to dismiss and DENIES the motion to strike for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

The following facts are taken from the First Amended Complaint ("FAC") and are taken as true for purposes of this ruling. On April 29, 2009, Plaintiff, an African American female, was in her yard videotaping the arrest of her neighbor by Richmond police officers. FAC ¶ 10. Plaintiff claims that in retaliation for filming the arrest, Officer Hauschild "reached over the fence, picked her up and pulled her over the fence and slammed her on the ground without any just cause therefor." Id. While Plaintiff was on the ground, Officers Hauschild and Souza pointed their guns at Plaintiff, handcuffed her and placed her under arrest. Id. They also pointed their firearms are Plaintiff's pet dogs and threatened to shoot them. Id. The officers then "dragged" Plaintiff across the street and "slammed" her into a wall and chair, and then subjected her to a search by an unspecified "Doe" officer. Id. Plaintiff was arrested for "resisting, obstructing, and delaying a peace officer" and taken to jail and held for two and one-half hours. Id. On May 6, 2010, Plaintiff was tried on unspecified charges and acquitted after the jury deliberated for only forty-five minutes. Id.

Plaintiff commenced the instant action on May 28, 2010, and filed a FAC on July 7, 2010. Dkt. 9. The FAC alleges claims under § 1983 based on the alleged violations of Plaintiff's constitutional rights under the first, fourth and fourteenth amendments against the officers, and supervisory liability claims against the City and Chief Magnus. In addition, the FAC alleges supplemental state law causes of action for assault and battery, false arrest and imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, violation of California Civil Code §§ 51.7 and 52.1, general negligence, and negligent hiring, retention and training. Plaintiff seeks compensatory and punitive damages, and injunctive relief against the City preventing its officers for using excessive force.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief may be granted. The court must "accept all factual allegations in

the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice[.]" Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement in the Cloverly Subterranean, Geological Formation, 524 F.3d 1090, 1096 (9th Cir. 2008). If the complaint is dismissed, plaintiff generally should be afforded leave to amend unless it is clear the complaint cannot be saved by amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

## III.   DISCUSSION

### A.   CLAIMS AGAINST SOUSA

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633; see, e.g., Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (official's failure to intervene to prevent constitutional violation may be sufficient basis for liability).

Defendants assert, without citation to any applicable legal authority, that Plaintiff has not alleged sufficient facts to impose liability under § 1983 as to Officer Sousa. Defs.' Mot. at 5-6. The Court disagrees. The FAC specifically alleges that Officer Sousa participated in Plaintiff's arrest and "used force against her." FAC ¶ 10. In addition, he allegedly was directly involved in the allegedly unlawful use of force, as shown by his pointing his gun at her, threatening to shoot her pets, dragging her across the street while

handcuffed, and slamming her into a wall and chair. Id. Despite Defendants' protestations to the contrary, it is apparent from the allegation presented that Officer Sousa was allegedly more than a mere bystander, and instead, was an active participant in the events resulting in Plaintiff's alleged constitutional deprivation.

### B. FIRST CLAIM UNDER 42 U.S.C. § 1983

#### 1. Fourteenth Amendment

The first claim for relief in the FAC alleges that Defendants are liable for excessive force and false arrest, pursuant to the Fourth and Fourteenth Amendments. FAC ¶ 18a. However, both claims are specifically governed by the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 388 (1989) ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure'... are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); Chew v. Gates, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures"); Larson v. Neimi, 9 F.3d 1397, 1400-01 (9th Cir. 1993) ("Fourth Amendment standards must be used when a person asserts that a public official has illegally seized him."). Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's § 1983 claims for excessive force and false arrest to the extent they alleged to arise under the Fourteenth Amendment.

#### 2. Equal Protection

The Ninth Circuit has held that "§ 1983 claims based on Equal Protection violations must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." Byrd v. Maricopa County Sheriff's Dept., 565 F.3d 1205, 1212 (9th Cir. 2009). Plaintiff argues in her opposition that the Defendant officers attacked her "simply *because* she is an African American woman." Pl.'s Opp'n at 6 (emphasis added). Such allegation, however, is absent from the FAC. While the pleadings identify Plaintiff's race, no facts are alleged showing that Defendants intentionally discriminated against her *because* of her race. Nor are any facts alleged from from which such discriminatory animus may be inferred. Accordingly, the Court GRANTS

Defendants' motion to dismiss Plaintiff's equal protection claim, which is dismissed with leave to amend.

### 3. Malicious Prosecution

"In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted [her] with malice and without probable cause, and that they did so for the purpose of denying [her] equal protection or another specific constitutional right." Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (internal quotations and citation omitted). "Malicious prosecution actions are not limited to suits against prosecutors but may be brought ... against other persons who have wrongfully caused the charges to be filed." Id. However, police officers are not generally "liable for damages suffered by the arrested person after a district attorney files charges unless the presumption of independent judgment by the district attorney is rebutted." Blankenhorn v. City of Orange, 485 F.3d 463, 482 (9th Cir. 2007). "This presumption may be rebutted by showing, for example, that the prosecutor was pressured or caused by the investigating officers to act contrary to his independent judgment or that the investigating officers presented the prosecution with information known by them to be false." Id. (internal quotation omitted). Here, the FAC fails to allege any facts establishing that either Officer Hauschild or Sousa caused or pressured the prosecutor to act contrary to his or her independent judgment or that they knowingly provided false information to the prosecutor. Therefore, the Court GRANTS Defendants' motion to dismiss Plaintiff's § 1983 claim for malicious prosecution, which is dismissed with leave to amend.

### C. SECOND CLAIM FOR MUNICIPAL LIABILITY

"A municipality may be held liable under § 1983 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009) (quoting Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 694 (1978)). To establish municipal liability under § 1983, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the County had a policy; (3) the

policy amounted to a deliberate indifference to her constitutional right; and (4) the policy was the moving force behind the constitutional violation.  Id.  The Ninth Circuit has held that the definition of a "policy" under Monell and its progeny may be a "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."  Fogel v. Collins, 531 F.3d 824 (9th Cir. 2008).

       Plaintiff alleges in her second claim for relief that Chief Magnus "knew or reasonably should have known about the repeated acts of misconduct by defendant officers" and that he "approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by these officers."  FAC ¶¶ 20, 21.  A municipality may be held liable for a constitutional violation under the theory of ratification if "authorized policymakers approve a subordinate's decision and the basis for it."  Lytle v. Carl, 382 F.3d 978, 987 (9th Cir. 2004) (internal quotations and citation omitted).  In particular, "[t]he policymaker must have knowledge of the constitutional violation and actually approve of it."  Id.

       Here, Defendants argue that the Monell claim is deficient because she has alleged only a single incident.  Defs.' Reply at 7.  It is true that a single failure to discipline an officer generally is insufficient.  Haugen v. Brosseau, 351 F.3d 372, 393 (9th Cir. 2003), overruled on other grounds by Brousseau v. Haugen, 543 U.S. 194 (2004).  However, Plaintiff's claim is not predicated solely on Chief Magnus' failure to act in this particular instance.  Rather, the FAC alleges that Chief Magnus knew of other, repeated acts of misconduct by Officers Hauschild and Souza, but yet, failed to take any corrective action against these officers.  FAC ¶ 20.  Such allegations are sufficient to state a plausible claim for liability under Monell.  See Tubar v. Clift, No. C05-1154-JCC, 2008 WL 5142932, at *6 (W.D. Wash. Dec. 5, 2008) ("the Police Department's exonerations and failure to properly investigate or take corrective action in the previous two shootings is indicative of a

general policy of tolerance and ratification for an officer's use of deadly force"). Defendants' motion to dismiss Plaintiff's second claim for relief is therefore DENIED.[1]

### D. THIRD CLAIM FOR FAILURE TO TRAIN

Plaintiff's third claim for relief seeks to hold the City and Chief Magnus liable under Monell based on a failure to train. "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989). "Deliberate indifference" is established where "'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.'" Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010) (quoting City of Canton, 489 U.S. at 390).

Here, the FAC merely alleges that the City and Chief Magnus' failure to train and supervise Officers Hauschild and Sousa and the Doe officer proximately caused Plaintiff's injuries. FAC ¶ 30. Absent are the requisite underlying factual allegations to establish deliberate indifference. Under Twombly and Iqbal, Plaintiff fails to state a valid claim for supervisory liability based on a failure to train. The Court thus GRANTS Defendant's motion to dismiss Plaintiff's Monell claim, which is dismissed with leave to amend.

### E. EIGHTH CLAIM FOR VIOLATION OF CIVIL CODE § 51.7

In her eighth claim for relief against Officers Hauschild and Sousa, Plaintiff alleges a violation of the Ralph Act, California Civil Code § 51.7, which proscribes the use of force on account of a person's race, color, ancestry, or national origin. See Austin B. v. Escondido Union Sch. Dist., 149 Cal.App.4th 860, 880-81 (2007). To state a claim under § 51.7, the plaintiff must allege: (1) that the defendant threatened or committed violent acts

---

[1] Plaintiff's second claim is based on upon the same alleged constitutional violations as her first claim. See FAC ¶¶ 18, 23. Therefore, notwithstanding the Court's determination that Plaintiff has alleged sufficient facts to state a Monell claim based on ratification, such ruling is subject to the Court's conclusions regarding Plaintiff's first claim under § 1983.

against the plaintiff or his or her property; (2) that a motivating reason for the defendant's conduct was his or her perception of race (or other protected status); (3) that the plaintiff was harmed; and (4) that the defendant's conduct was a substantial factor in causing the plaintiff harm.  Id.

The allegations in support of Plaintiff's § 51.7 claim are insufficient.  The FAC alleges that Plaintiff is an African-American female, and that defendants were motivated "racial and gender prejudice against [her]."  FAC ¶ 48.  Nevertheless, Plaintiff fails to allege any *facts* to support her claim that the officers were motivated by discriminatory animus based on her race and gender.  See Austin B., 149 Cal.App.4th at 881 (affirming nonsuit for defendant where there was no evidence that defendant's actions were motivated by bias or animus against disabled children).  Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's eighth claim, which is dismissed with leave to amend.

**F.    ELEVENTH CLAIM FOR VIOLATION OF MANDATORY DUTY**

Plaintiff's eleventh claim, styled as "Negligent Hiring, Training, Supervision and Discipline," alleges that the City and Chief Magnus had a "mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to citizens."  FAC ¶ 60.  Though not entirely clear, it appears that Plaintiff is attempting to state a claim under California Government Code § 815.6, which imposes liability upon a public entity based on its failure to discharge "a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury . . . ."  Defendants move to dismiss this claim on the ground that no facts are alleged to establish the basis for the mandatory duty at issue.  Notably, Plaintiff offers no argument opposing dismissing of said claim.  As such, the Court GRANTS Defendant's motion to dismiss Plaintiff's eleventh claim, which is dismissed without leave to amend.

### G.  INJUNCTIVE RELIEF

Plaintiff, the party invoking federal jurisdiction, bears the burden of alleging specific facts sufficient to establish standing.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  Furthermore, she "must demonstrate standing separately for each form of relief sought."  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 185 (2000).  To have standing for injunctive relief, a plaintiff must allege that she is likely to suffer future injury from the alleged misconduct by the defendants.  See City of Los Angeles v. Lyons, 461 U.S. 95, 105, 110 (1983) (holding that plaintiff who previously was illegally choked by police officers lacked standing to enjoin the police from using chokehold because he could not demonstrate a substantial likelihood that he, personally, would be choked again in the future).

In her prayer for relief, Plaintiff seeks an injunction "pursuant to Civil Code Section 52.1, enjoining Defendant CITY OF RICHMOND from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY of using excessive and unreasonable force against persons[.]"  FAC at 15:7-10.[2]  However, the FAC lacks sufficient facts to establish that Plaintiff has standing to seek equitable relief under § 52.1 because she has not identified any realistic future threat or that she will be subject to the same harm again.  Defs.' Mot. at 14-18.  Plaintiff tacitly concedes that lack of such allegations, but argues that the question of standing can only be decided upon a full evidentiary record.  Pl.'s Opp'n at 9.  However, the Ninth Circuit has held that a plaintiff's lack of standing may be raised at the pleading stage.  See Schmier v. United States Court of Appeals for the Ninth Circuit, 279 F.3d 817, 823 (9th Cir. 2002).  In light of Plaintiff's failure to plead sufficient facts to establish her standing to seek injunctive relief, the Court

---

[2] Plaintiff's ninth claim for relief alleges a violation of California Civil Code § 52.1.  Defendants have not moved to dismiss this particular claim.

GRANTS Defendants' motion to dismiss Plaintiff's claim for injunctive relief under Civil Code § 52.1. Plaintiff will be allowed leave to amend to cure this deficiency.[3]

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART, as set forth above. Defendants' alternative motion to strike is DENIED AS MOOT.

2. Plaintiff shall have fourteen (14) days from the date this Order is filed to file an amended complaint, consistent with the Court's rulings. In the event Plaintiff fails to file an amended complaint within that time-frame, the dismissed claims in this action will be deemed to be dismissed with prejudice. Defendants shall file their response to the amended complaint no later than fourteen (14) days after the deadline for Plaintiff to file her amended pleading.

3. The initial case management conference previously scheduled for October 26 2010 is CONTINUED to **February 16, 2011 at 3:15 p.m.** Prior to the date scheduled for the conference, the parties shall meet and confer and prepare a joint Case Management Conference Statement. The joint statement shall be filed no later than ten (10) days prior to the conference and shall comply with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

---

[3] In light of this ruling, the Court does not reach Defendants' alternative argument to strike Plaintiff's claim for injunctive relief under Rule 12(f). Nonetheless, Defendants should be aware that their reliance on Rule 12(f) is misplaced. See Whittlestone, Inc. v. Handi-Craft Co., --- F.3d ---, 2010 WL 3222417, at *4 (9th Cir. Aug. 17, 2010).

1     4.    This Order terminates Docket 11.

2    IT IS SO ORDERED.

3 Dated: November 2, 2010                        _____

4                                             SAUNDRA BROWN ARMSTRONG
                                               United States District Judge